IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

ASHLEY TAVERN & BALLROOM LLC
d/b/a Ashley Tavern & Ballroom; and
LEONARD S. KURZYNSKI, individually and as
a member of Ashley Tavern & Ballroom LLC,

    Defendants.

ORDER

12-cv-580-wmc

---

Plaintiff Joe Hand Promotions, Inc. has brought this action against defendants Ashley Tavern & Ballroom LLC and Leonard S. Kurzynski claiming that they unlawfully exhibited a televised ultimate fighting contest without plaintiff's authorization. On November 26, 2012, defendants Ashley Tavern & Ballroom and Leonard S. Kurzynski filed an answer signed by Kurzynski, who does not appear to be a licensed attorney.

Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," *Rowland*, 506 U.S. at 202, including limited liability companies or partnerships. *E.g.*, *United States v. Hagerman*, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus defendant Ashley Tavern & Ballroom 's answer has not been properly filed because it is not signed by an attorney.

*Kipp*, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court treated the answer as unsigned, gave the defendant a chance to file another answer signed by counsel and warned the defendant that failure to comply with its order would result in entry of default. *Id.* at 963. This is the appropriate course of action in this case. Therefore, I will give defendant Ashley Tavern & Ballroom until December 18, 2012 to retain counsel and file a new answer. If, by then, defendant Ashley Tavern & Ballroom LLC does not file an answer signed by counsel, I will ask the clerk to enter default against it pursuant to Fed. R. Civ. P. 55(a).

ORDER

IT IS ORDERED that defendant Ashley Tavern & Ballroom LLC may have until December 18, 2012, in which to file an answer that complies with Fed. R. Civ. P. 11(a). If defendant Ashley Tavern & Ballroom fails to file a proper answer by December 18, 2012, the court may, on its own motion or a motion from plaintiff, order the clerk of court to enter default against this defendant.

Entered this 26th day of November, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge